UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DERRICK MATTHEW DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00579-JPH-MJD |
| | ) | |
| COUNTY OF VERMILLION, INDIANA, | ) | |
| TIM YOCUM Commissioner, | ) | |
| MIKE PHELPS Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, Derrick Matthew Dougherty, has moved for assistance with
recruiting counsel.  Dkt. 18.

"Litigants in federal civil cases do not have a constitutional or statutory
right to court-appointed counsel."  *Walker v. Price*, 900 F.3d 933, 938 (7th Cir.
2018).  Instead, a litigant who is unable to afford counsel "may ask the court to
recruit a volunteer attorney to provide pro bono representation."  *Id.* (citing 28
U.S.C. § 1915(e)(1)).  "Two questions guide a court's discretionary decision
whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable
attempt to obtain counsel or been effectively precluded from doing so,' and
(2) 'given the difficulty of the case, does the plaintiff appear competent to
litigate it himself?'"  *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.
2007) (en banc)).  The first inquiry—whether an indigent litigant reasonably
attempted to get a lawyer—"is a mandatory, threshold inquiry that must be

1

determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, Mr. Dougherty states that he has contacted seven lawyers, law firms, or legal organizations, but none were able to assist him. Dkt. 18 at 2. Mr. Dougherty has thus made a reasonable effort to obtain counsel. He should continue that effort.

For the second question, the Court considers whether the case's complexity exceeds the "plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Mr. Dougherty states that mental health issues—autism, ADHD, and anxiety—would limit his ability to litigate this case. Dkt. 18 at 3. However, he has not explained how these issues would affect his capacity to present his case. In fact, Mr. Dougherty has presented coherent filings, which shows that he is able to communicate with the Court and the Defendants about the factual and legal bases of his claims. *See, e.g.*, dkts. 1, 19, 20, 25, 26, 28. Moreover, since this case is in the earliest stage of litigation, "the district court faces the difficulty of accurately evaluating the need for counsel." *Mapes v. Indiana*, 932 F.3d 968, 971–72 (7th Cir. 2019).

Therefore, based on the early stage of this litigation and his coherent filings thus far, Mr. Dougherty has not demonstrated that the case exceeds his capacity to present it at this time. As a result, his motion for assistance with recruiting counsel is **DENIED without prejudice**. Dkt. [18].

**SO ORDERED.**

Date: 7/31/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DERRICK MATTHEW DOUGHERTY
250 W. Market St
PO Box 189
Newport, IN 47966

All electronically registered counsel.